UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

WILLIAM BEARD, #188856

        Petitioner,

v.                                     2:06CV51

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

        Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I.  STATEMENT OF THE CASE

#### A.  Background

On September 3, 1991, in the Circuit Court of Danville County, Virginia, petitioner was convicted of possession of cocaine and possession of marijuana. Petitioner was sentenced to serve ten years and thirty days imprisonment. On August 12, 1993, petitioner was released on discretionary parole.

On January 3, 1995, in the Danville Circuit Court, petitioner was convicted as an habitual traffic offender and sentenced to four years imprisonment, with three years suspended. On March 23, 1995, his parole was revoked. On March 14, 1997, he was once again released on discretionary parole.

On August 21, 1997, petitioner was arrested for a parole violation. On August 25, 1997, petitioner was again convicted as an

habitual traffic offender and sentenced to five years imprisonment, with two years suspended.  On November 10, 1997, the Danville Circuit Court revoked the three year suspended sentence imposed on January 3, 1995. On January 5, 1998, petitioner was sentenced to five years imprisonment, with two years suspended.  Petitioner was also sentenced on January 13, 1998, to 120 days, with 60 days suspended, for possession of marijuana.

On May 18, 2001, in the Circuit Court of Mecklenburg County, Virginia, petitioner was convicted of possession of marijuana while an inmate and was sentenced to one year, with eight months suspended.  As of January 1, 2005, petitioner completed serving the above sentences for mandatory release purposes.

On April 10, 2005, petitioner filed a writ of mandamus in the Supreme Court of Virginia, alleging that the he was being detained beyond his mandatory release date.  On August 18, 2005, the petition was dismissed.

On January 27, 2006, petitioner filed a petition for writ of habeas corpus in federal court, and on April 7, 2006, respondent filed a motion to dismiss and Rule 5 answer.  This matter is now ripe for consideration.

### B.  Ground Alleged

Petitioner's sole claim is that he is being detained beyond his mandatory release date, in violation of his Fifth, Eighth, Thirteenth, and Fourteenth Amendment rights.

### II.  FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A.  Motion to Dismiss Standard

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint is construed in the light

most favorable to the plaintiffs and their allegations are taken as true. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989)(citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). The complaint should not be dismissed unless it appears to a certainty that the plaintiff can prove no facts in support of his claim which would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); GE Inv. Private Placement Partners II v. Parker, 247 F.3d 543, 548 (4th Cir. 2001); Martin Marietta Corp. v. Int'l Telecomms. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1993). The courts must construe the complaint liberally in favor of the plaintiffs, even if recovery appears remote and unlikely. In ruling on a 12(b)(6) motion, the court primarily considers the allegations in the complaint but may consider attached exhibits and documents incorporated by reference. See Simons v. Montgomery County Police Officers, 762 F.2d 30, 31 (4th Cir. 1985); Wolford v. Budd Co., 149 F.R.D. 127, 129-32 (W.D. Va. 1993).

## B.  Petitioner's Claim is Moot.

Respondent moves for dismissal of the petition based on the fact that petitioner is no longer in custody, and therefore, his claim is MOOT. On April 3, 2006, petitioner was released from the Virginia Department of Corrections on mandatory parole. Petitioner contests only that he was detained beyond his mandatory release date. He does not allege any injury other than the now completed incarceration or challenge the legality of his convictions. Since petitioner is no longer in custody, the issue presented in his petition is "no longer 'live,'" and he lacks a "legally cognizable interest in the outcome." U.S. Parole Comm'n v. Garraghty, 445 U.S. 388, 396 (1980). Since petitioner has been released, his claim is MOOT, and the petition should be DISMISSED.

### III.  RECOMMENDATION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DISMISSED and respondent's motion to dismiss/motion for summary judgment be GRANTED. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

### IV.  REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(e) of said rules. See 28 U.S.C. § 636(b)(1)(C)(2000); FED.R.CIV.P. 72(b). A party may respond to another party's objections within ten days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. See Thomas v. Arn, 474 U.S. 140

(1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v.</u>
<u>Schronce</u>, 727 F.2d 91 (4th Cir. 1984).


                                        _____/s/_____
                                        **James E. Bradberry**
                                        **United States Magistrate Judge**

**Norfolk, Virginia**

_____**May 25**_____, **2006**

Clerk's Mailing Certificate

A copy of the foregoing Report was mailed this date to each of the following:

William Beard, pro se
208 Carrolton Road
Danville, VA  24540

and to petitioner at:

1648 Maple Drive
Danville, VA  24540

Richard C. Vorhis, Esquire
Assistant Attorney General of Virginia
900 E. Main Street
Richmond, VA  23219

Fernando Galindo, Acting Clerk

By _____
            Deputy Clerk

_____, 2006